PEOPLE ex rel. SCANLON v. MILLIKEN et al.

(Supreme Court, Appellate Division, Third Department. June 18, 1908.)

OFFICERS—APPOINTMENT—CIVIL SERVICE LAW—ASSISTANT DEPUTY SHERIFF.

Laws 1901, p. 1749, c. 705, § 2, provides for certain assistants, clerks, employés, or subordinates in the sheriff's office of Kings county, among whom are eight deputy sheriffs at a salary of $2,200 per year, eight assistant deputy sheriffs at a salary of $1,000 each per year. Civil Service Law, Laws 1899, p. 802, c. 370, § 12, exempts certain positions, including in subdivision 1 "the deputies of principal executive officers, authorized by law to act generally for and in place of their principals." The act of 1901 does not define the duties of assistant deputies, but section 6 (page 1752) permits the sheriff to prescribe and regulate their duties, and authorizes him to require them to give bond to him for the faithful performance of the duty so prescribed. *Held*, that assistant deputies are not exempt officers, but are to be appointed from a competitive class under the civil service law.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Officers, § 13.]

Smith, P. J., and Sewell, J., dissenting.

Appeal from Special Term, Albany County.

Mandamus by the people, on relation of Peter B. Scanlon, against Charles F. Milliken and others, composing the state civil service commission of the state of New York. From a final order dismissing relator's application for a writ, he appeals. Affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

John J. McGinniss, for appellant.

William S. Jackson, Atty. Gen. (Timothy I. Dillon, of counsel), for respondents.

COCHRANE, J. The relator applied for a writ of mandamus to compel the civil service commission to certify his compensation as an assistant deputy sheriff of Kings county under chapter 705, p. 1749, Laws 1901. The position of the commission is that such office is in the competitive class under the civil service law (chapter 370, p. 795, Laws 1899), and that the appointment of the relator to such office was void because not made from a class certified by such commission. The Special Term sustained the commission, and the relator appeals.

Said chapter 705 of the Laws of 1901 in section 2 thereof, provides for certain "assistants, clerks, employés or subordinates in the said sheriff's office." Among such are eight deputy sheriffs at a salary of $2,200 each a year and eight assistant deputy sheriffs at a salary of $1,000 each a year. The civil service law in section 12 thereof exempts certain positions, including, in subdivision 1, "the deputies of principal executive officers authorized by law to act generally for and

in place of their principals." There is probably no doubt that the office of deputy sheriff is within this statute an exempt office. And the question in controversy is whether the office of "assistant" deputy sheriff in Kings county under the said act of 1901 is the same as a deputy sheriff within the meaning of the provision above quoted from the civil service law. The statute does not define the powers and duties of these assistant deputy sheriffs. Nor do I think it necessary that we should attempt such definition in the disposition of this case; for, conceding without deciding that their powers and duties are coextensive with those of the deputies, nevertheless the Legislature had the power to place them in a different category for other purposes including the operation of the civil service law. And there is no incongruity in such legislative action when we consider the fact that it was clearly contemplated that they should consist of a cheaper class of men who would perform less important duties. In respect to salary they are cheaper than the clerks, accountant, secretary, jail warden, and his deputy, jail keepers, or the jail bookkeeper, and are on a parity with the prison van drivers, the cheapest of the male subordinates under the sheriff, and with the jail matrons. Conceding that they have the same powers and duties generally speaking as the deputy sheriffs, they are not in my opinion deputies within the meaning of the above quoted provision from the civil service law. That they are not deputies within the meaning of that act so as to be exempt from its operation appears to me reasonably clear from the phraseology of the act which creates them (chapter 705, p. 1749, Laws 1901), which characterizes them as "assistant" deputy sheriffs, and indicates by the extent of the salary conferred upon them smaller in comparison with other employés created by the same act and who are affected by the provisions of the civil service law that these assistant deputy sheriffs are also affected thereby. It is a familiar and fundamental rule of construction of statutes that they should be so construed, if possible, as to give some meaning and effect to every part thereof. Now, the construction contended for in behalf of the relator renders the word "assistant" as used in the act of 1901 meaningless and surplusage. Clearly that word is not needed in order to indicate merely a difference in salaries. Strike the word from the statute wherever it may occur, and there would not be a scintilla of doubt that provision had been made for eight deputy sheriffs at a salary of $2,200 each and for eight other deputy sheriffs at a salary of $1,000 each. But, although the statute does not define the duties of an assistant deputy sheriff, it expressly permits the sheriff (section 6) to "prescribe and regulate their respective duties." It would seem, therefore, that he may place such limitations on their powers and circumscribe their duties as he may desire. The entire scope and tenor of the statute seems to me to indicate that their position from every point of view is inferior to that of the deputy, and that their duties are less responsible and onerous.

It is also argued that the sheriff is personally responsible for the acts of these assistants, and hence that there is a natural injustice in placing any restriction upon his power of selection. That has long been a favorite argument in attacks on the civil service law. I am quite will-

ing to concede its force in certain cases. But such argument must primarily be addressed to the legislative discretion, and it is serviceable in construing statutes only so far as it aids in determining the legislative intent; and such argument must fail entirely in a case like this, where the statute authorizes the sheriff to fully protect himself against the act of any subordinate. Attention has been called to the fact that the sheriff may prescribe and regulate the duties of his subordinates (section 6). Such section then continues:

> "The sheriff of the county of Kings is hereby authorized and empowered to receive from any clerk and employee or subordinate other than those required to give bond in this act such security for the faithful performance of his duty as he shall deem necessary and proper."

In this connection three facts are prominently suggested: First. The sheriff may "prescribe and regulate" the duty of an assistant deputy sheriff. Second. He may exact of him "security for the faithful performance of his duty" as thus prescribed and regulated by himself. Third. He may determine for himself the nature, extent, and sufficiency of such security. It is difficult to conceive of more ample safeguards for the protection of the sheriff against the acts of these assistant deputies.

The order in my opinion should be affirmed.

SMITH, P. J. (dissenting). The relator has applied for a writ of mandamus to compel the civil service commission to certify his compensation as an assistant deputy sheriff of Kings county under chapter 705, p. 1749, Laws 1901. The ground of respondent's refusal is that the office of assistant deputy sheriff of Kings county is in the competitive class under the civil service; and, inasmuch as the appointment was not made from those certified by said commission, the said appointment was void, and the relator is not entitled to compensation.

By chapter 705, p. 1749, Laws 1901, the sheriff of Kings county was authorized to appoint eight deputy sheriffs and eight assistant deputy sheriffs. It is provided that each deputy sheriff shall receive a salary of $2,200 a year, and each of the assistant deputies a salary of $1,000. By chapter 370, p. 795, Laws 1899, providing for the civil service in the state, certain officers are made exempt as matter of law, and among those officers is "the deputy of a principal executive officer authorized by law to act generally for and in the place of their principals." As to the officers not made exempt by statute, they are in the competitive class, and can only be appointed from lists made by the civil service commission, unless the civil service commission shall itself place them in the exempt class, which it has the right to do.

It seems to be conceded that the office of deputy sheriff in Kings county is within the statute an exempt office. The question here for determination is whether the office of assistant deputy sheriff is within the provision of the statute an exempt office, or whether it is subject to the provision of that law, leaving it with the commissioners to determine whether it may be in the exempt or in the competitive class. The civil service commissioners have determined that the office is in

the competitive class, and their determination has been sustained by the Special Term.

The duties of the office of assistant deputy sheriff are nowhere defined in the statute; nor, indeed, are the duties of the office of deputy sheriff. The duties of a deputy sheriff have been in a measure settled by long usage, so that they may well be said to be prescribed by the common law. See Gibson v. National Park Bank, 98 N. Y. 96. But this statute has provided that, as to the deputies and assistant deputies, the sheriff "shall prescribe and regulate their respective duties." Section 6. If such regulation must be by a code of rules, then it would clearly be incumbent upon the sheriff to show that for such assistants he had prescribed rules authorizing them to act generally for him. But such requirement is neither within the practical working of the statute nor within its letter. The deputy may be assigned to a certain class of work, or as cases arise a deputy may be directed to attend to them. While so engaged in respect of that work, whether deputy or assistant deputy, he has the discretionary power of the sheriff, and may act generally for him.

But the use of the word "assistant" in the classification made is claimed to make them inferior officers, and therefore within the right of the civil service commission to classify them in the competitive class. The right of the Legislature to give to the commission the power to classify the assistant deputies is undoubted. So has the Legislature the power to allow the commission to classify the deputies. There is here no question of power. It is simply a question of construction of the statute. Neither a man's honesty nor his fidelity can be tested and certified by a commission, however learned. And, where the duties of a subordinate involve both discretion and fidelity, and for the faithful performance of his duties the superior is personally responsible, the court will require the superior to select that subordinate from a certified list only upon the mandate of a statute given in clear and unmistakable language. It is contended that the sheriff may require of his subordinate security for the faithful performance of his office. But this only half answers the argument. The sheriff may be made liable far in excess of any sum which might reasonably be anticipated, and for which security might reasonably be required. Further, it will be noted that the sheriff may prescribe precisely the same powers to the deputies or assistant deputies. If the commission has the power to classify the assistant deputies, it has the same power to classify the deputies. There is nothing in the statute to indicate an intent to create an inferior office for the purpose of authorizing the civil service commission to restrict its incumbency. The deputies are assistants of the sheriff. The classification of deputy and assistant deputy is not made in reference to their powers, but simply in reference to their salaries. A certain class of less important work may be assigned to cheaper men; and for this reason a class of assistant deputies was created, to whom this work could be assigned. The assistant deputies, therefore, as to the matters intrusted to them have the full powers of the sheriff, and,

as well as the deputies, are within the exempt class under the civil service statute.

The Special Term order should be reversed, and a writ of mandamus granted.

Order affirmed, with costs. All concur, except SMITH, P. J., and SEWELL, J., who dissent.